UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARTIN MISHTAKU,

                              **MEMORANDUM & ORDER**
          Plaintiff,                        **14-CV-1606 (NGG)(RER)**

-against-

MENTAL HEALTH CLINIC OF FLUSHING
HOSTPITAL and JANE DOE,

          Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Martin Mishtaku brings this pro se complaint against a private hospital and an unidentified nurse at the facility, alleging violation of his civil rights. (Compl. (Dkt. 1).) Plaintiff's request to proceed in forma pauperis (Dkt. 2) is granted for the purpose of this Order. 28 U.S.C. § 1915. For the reasons set forth below, the action is dismissed.

I.    **FACTS**

The City of New York denied Plaintiff's application for a residential pistol permit on October 10, 2013. (Compl. at 2.)[1] Plaintiff states that he received a letter from Deputy Inspector Andrew Lunetta stating that his "psychological condition, . . . raised concerns for [his] approval to safely possess a firearm in New York City." (Id. at 2.) Plaintiff alleges that he saw his doctor on October 23, 2013, and that his doctor referred him to the Mental Health Clinic at Flushing Hospital. (Id. at 3.) Plaintiff states that he went to the Mental Health Clinic that afternoon and requested that he receive a psychiatric evaluation. (Id.) Plaintiff submitted a patient information

---

[1] The Complaint as filed includes a separate cover page consisting of the Sample Form Complaint, followed by a separately paginated handwritten complaint. The court refers to the pages assigned by the Electronic Case Filing system.

1

form, which he attaches as an exhibit. (Dkt. 1-2.) Plaintiff indicated that he was seeking a psychiatric evaluation in support of an application for a gun permit. (Compl. at 3.) Plaintiff alleges that "Jane Doe, the Supervisor of the Clinic, stated personally to me that under the Clinic's guidelines, she could not give me a psychological evaluation." (Id.) The Complaint does not describe the Clinic's guidelines or the specific basis for the denial.

Plaintiff seeks injunctive relief requiring that the Mental Health Clinic "change[] their Guidelines, stop[] discriminating and provide[] service to those in need." (Id. at 4.) He also seeks $150,000 in unspecified damages and requests a jury trial. (Id.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

When reviewing a complaint, a court must construe a pro se litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially if those pleadings allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## III. DISCUSSION

### A. Federal Jurisdiction Requirement

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff cites 28 U.S.C. § 112 and 28 U.S.C. § 1331 as the bases for jurisdiction. Neither of these sections provides a basis for federal jurisdiction. The first section divides the state of New York into four judicial districts and designates Queens County as part of the Eastern District of New York. 28 U.S.C. § 112(c). Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although these sections provide that a federal question

arising in Queens County could be brought before this Court, Plaintiff has not alleged any violation of federal law that would invoke federal question jurisdiction. He has not established any federal entitlement to a psychiatric examination or issuance of a gun permit. On the face of his Complaint, then, the court would not have jurisdiction.

### B. Potential Civil Rights Claim

Plaintiff's request that defendants "stop[] discriminating" may suggest a claim for a civil rights violation pursuant to the Civil Rights Act, 42 U.S.C. § 1983. If properly pled, a § 1983 claim would establish a basis for jurisdiction in federal court. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)). Plaintiff fails to allege either element.

Plaintiff has not named any individual defendants who could be held liable for the alleged deprivation of his constitutional rights. Flushing Hospital Medical Center is a private entity that is not normally amenable to suits for damages pursuant to § 1983. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Plaintiff has not alleged that the hospital or the supervising nurse were state actors, were acting in concert with state actors, or were serving as

4

an instrumentality of the state. See, e.g., Kia P. v. McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (private hospital was not a state or municipal facility and thus was not liable pursuant to § 1983, unless it was acting as an instrumentality of the state).

Moreover, Plaintiff's claim that he was denied a voluntary psychiatric examination because of "the Clinic's guidelines" does not rise to the level of a constitutional deprivation. He has not suggested that the Clinic's refusal to conduct an on-the-spot psychiatric examination was discrimination based on his race, ethnicity, gender, or membership in any other protected class. Accordingly, his possible claim of discrimination is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Because Plaintiff has not pled a claim over which the federal courts have jurisdiction, his claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 31, 2014

NICHOLAS G. GARAUFIS
United States District Judge